131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Brian Keith McCARTHY, Defendant-Appellant.
 No. 97-10204.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-96-5027-REC; Robert E. Coyle, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Brian Keith McCarthy appeals his conviction following a guilty plea to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). We review de novo the district court's compliance with Fed.R.Crim.P. 11, see United States v. Alber, 56 F.3d 1106, 1109 (9th Cir.1995), and review for abuse of discretion its denial of a motion to withdraw a guilty plea, see id. at 1111. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 Federal Rule of Criminal Procedure 11
 
 3
 McCarthy contends that the district court violated Rule 11 by failing to warn him that by pleading guilty he waived his right to a trial, see Fed.R.Crim.P. 11(c)(4), and that if he went to trial he would be represented by counsel, see Fed.R.Crim.P. 11(c)(3). McCarthy also contends that the district court's perjury warning pursuant to Rule 11(c)(5) was phrased so that McCarthy understood it as a demand that he be forthcoming with information. These contentions lack merit because they are not supported by the record. Our review of the record indicates that the district court properly advised McCarthy pursuant to Rule 11(c).
 
 
 4
 Next, McCarthy argues that the district court violated Rule 11(d) by failing to insure that McCarthy's plea was voluntary. McCarthy argues that his plea was not voluntary because he was rendered incompetent by taking three prescription medications within twenty-four hours of the hearing. This argument lacks merit.
 
 
 5
 A defendant is competent to plead guilty if has a "rational understanding of the proceedings." Godinez v. Moran, 509 U.S. 389, 397 (1993) (internal quotations omitted); see United States v. Arlt, 41 F.3d 516, 518 (9th Cir.1994) (applying Godinez in direct appeal). When McCarthy informed the court that he had taken prescription medication, the court asked him whether the medicines had any effect on his ability to understand the proceedings, or any other effect. McCarthy assured the court that he felt no effect from the medicines, and that he understood the proceedings. The court then asked McCarthy's attorney whether he believed his client was competent to plead guilty, and received an affirmative answer. On these bases, the court found that McCarthy was competent to plead guilty. This finding by the district court is not clearly erroneous. See United States v. Myers, 993 F.2d 713, 715 (9th Cir.1993); see also Godinez, 509 U.S. at 397.
 
 Federal Rule of Criminal Procedure 32(e)
 
 6
 McCarthy contends that the district court abused its discretion by refusing to permit the withdrawal of his guilty plea because the plea violated Rule 11. We disagree.
 
 
 7
 A district court may permit the withdrawal of a guilty plea "if the defendant shows any fair and just reason." Fed.R.Crim.P. 32(e). McCarthy's allegations of Rule 11 violations do not constitute a fair and just reason to withdraw McCarthy's guilty plea because, as discussed above, they have no merit. Accordingly, the district court did not abuse its discretion by refusing to permit McCarthy to withdraw his guilty plea. See Alber, 56 F.3d 1106, 1111.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3