James **MONTGOMERY**, Petitioner–Appellant,

v.

Tom L. **CAREY**, Warden; et al., Respondents–Appellees.

No. 00–56181.

D.C. No. CV–98–03612–WDK.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Montgomery's motion for oral argument is denied.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

James Montgomery appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for second-degree murder and attempted murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Montgomery asserts an ineffective assistance of counsel claim on the grounds that he informed his counsel of his unequivocal wish to proceed pro se, and that his counsel failed to bring the proper motion before the trial court. We review de novo the district court's denial or dismissal of a habeas petition. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999).

■ The record, however, shows that Montgomery did not make his request for self-representation known to the trial court; instead, he only requested substitution of counsel. *Cf. United States v. Arlt,* 41 F.3d 516, 519 (9th Cir.1994) (stating

that a defendant must explicitly and unequivocally invoke his right to self-representation such that a court is reasonably certain of his choice). Montgomery's rights, therefore, were not violated because he did not clearly and unequivocally declare to the trial court judge that he wanted to represent himself. *See Adams v. Carroll,* 875 F.2d 1441, 1444–45 (9th Cir.1989) (concluding that although requests to proceed pro se were conditional, they were not unequivocal); *cf. Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (establishing the right to self-representation).[1]

Because the state court did not clearly err by concluding that Montgomery's rights were not violated, its decision cannot be deemed to be unreasonable and the district court properly denied habeas relief. *See Weighall v. Middle,* 215 F.3d 1058, 1063 (9th Cir.2000).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Even assuming that counsel neglected to inform the trial court of Montgomery's desire

to represent himself, Montgomery cannot demonstrate prejudice for such alleged deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).