**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Montez Salamasina OTTLEY,
Defendant–Appellant.**

**No. 02–10373.**

**D.C. No. CR–00–00126–MLR.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

### MEMORANDUM**

Montez Salamasina Ottley appeals her jury-trial convictions on fourteen counts, and her 323–month sentence, arising from her participation in a fraudulent investment scheme. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for a new trial.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Ottley contends that the district court violated her Sixth Amendment rights under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), by appointing counsel to represent her at trial, despite her wish to represent herself. We agree. Although the district court may have had Ottley's best interests in mind, the record demonstrates that the district court relied on an improper reason for denying Ottley the right to represent herself. *See United States v. Arlt*, 41 F.3d 516, 518 (9th Cir.1994) ("[T]he Supreme Court's decision in *Godinez [v. Moran*, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)] explicitly forbids any attempt to measure a defendant's competency to waive the right to counsel by evaluating [her] ability to represent [herself].").  Because the district court found Ottley competent to waive her right to counsel and the record shows that Ottley unequivocally stated her wish to represent herself following extensive discussions and advisements occurring months before trial, we conclude the district court erred by denying Ottley her right to represent herself. *See id.* at 519 (stating that where the defendant is competent to waive the right to counsel, the decision to waive counsel is valid if the request was timely, not for the purposes of delay, unequivocal, and knowing and intelligent).

We reject the government's suggestion that there was no violation because the district court could have denied Ottley her self-representation right to protect against disruptive behavior at trial. This was not a basis for the district court's decision.

We therefore reverse the district court's judgment and remand for a new trial.[1]

1. Because we reverse and remand for a new trial, we do not address Ottley's contention that her sentence violates the Double Jeopardy Clause because it constitutes multiple punishments for the same offense. However, should the same charges be brought on retri-

**REVERSED AND REMANDED.**[2]

al, we refer the parties to our decision in *United States v. Montgomery*, 150 F.3d 983, 989–91 (9th Cir.1998), concerning the issue of whether a single conspiracy has been improperly charged as multiple conspiracies.

2. We decline to consider appellant's pro se filings in this court, as appellant is represented by counsel.

