**Damon WILSON, Petitioner–Appellant,**

v.

**M. YARBOROUGH, Warden, Respondent–Appellee.**

**No. 03–55385.**

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Decided April 12, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Damon Wilson, Tehachapi, CA, pro se.

Steve Feldman, Huappauge, NY, Petitioner–Appellant.

Janelle M. Boustany, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Damon Wilson appeals the district court's denial of his petition for habeas corpus. *See* 28 U.S.C. § 2254. We affirm.

We apply the strictures set forth in 28 U.S.C. § 2254(d) & (e) when we consider Wilson's claims. That means that relief could only be granted if Wilson were able to show that the decisions of the state courts were either contrary to or an unreasonable application of federal law as declared by the Supreme Court; or based on an unreasonable determination of the facts. *See id.; Price v. Vincent*, 538 U.S. 634, 123 S.Ct. 1848, 1852–53, 155 L.Ed.2d 877 (2003); *Lockyer v. Andrade*, 538 U.S. 63, 73–75, 123 S.Ct. 1166, 1173–75, 155 L.Ed.2d 144 (2003); *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

(1) Wilson asserts that he was improperly denied a substitution of counsel because he demonstrated that his relationship with his trial counsel had broken down. No doubt the relationship was not ideal, but that is not the standard. *See Morris v. Slappy*, 461 U.S. 1, 13–14, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610 (1983). As it is, although Wilson did make a timely

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

motion, the state court reasonably determined that he did not show that any problems resulted in deficient performance of counsel or in prejudice to Wilson's case.[1] *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). And even if the standards we have developed in cases not covered by the current provisions of 28 U.S.C. § 2254(d) & (e) were applied, the state courts reasonably decided that there was no violation of Wilson's constitutional rights. The dispute with counsel was, essentially, over strategy; the colloquy with the trial court did not bespeak a total breakdown; the actual presentation of the case at the trial during which Wilson generally (but with lapses) cooperated did not demonstrate total breakdown; the trial court did explore Wilson's concerns with him; and Wilson did receive vigorous representation. *See, e.g., United States v. McKenna,* 327 F.3d 830, 843–44 (9th Cir.2003) (finding no error); *United States v. Franklin,* 321 F.3d 1231, 1237–39 (9th Cir.2003) (same); *United States v. Smith,* 282 F.3d 758, 763–65 (9th Cir.2002) (same); *United States v. Adelzo–Gonzalez,* 268 F.3d 772, 777–79 (9th Cir.2001) (finding error); *United States v. Moore,* 159 F.3d 1154, 1158–61 (9th Cir.1998) (same); *Brown v. Craven,* 424 F.2d 1166, 1169–70 (9th Cir.1970) (same).

(2) Wilson also complains that the state courts failed to respect his request for self-representation. We recognize that when a defendant, without the purpose of delay, makes a timely, competent, unequivocal, knowing, and intelligent request for self-representation, he is entitled to it. *See Godinez v. Moran,* 509 U.S. 389, 400–02, 113 S.Ct. 2680, 2687–88, 125 L.Ed.2d 321 (1993); *Faretta v. California,* 422 U.S. 806, 835–36, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *United States v. Erskine,* 355 F.3d 1161, 1167 (9th Cir.2004); *United States v. Arlt,* 41 F.3d 516, 518–19 (9th Cir.1994). For habeas corpus purposes, we cannot say that the state courts unreasonably determined that Wilson's first request was equivocal[2] and that his second one was untimely.[3]

AFFIRMED.

---

1. In fact, Wilson does not even point to defects in counsel's presentation of the case.

2. *See, e.g., Jackson v. Ylst,* 921 F.2d 882, 888–89 (9th Cir.1990).

3. It was after jury selection began but before the jury was empaneled. That was just barely timely under Ninth Circuit law. *See United States v. Bishop,* 291 F.3d 1100, 1114 (9th Cir.2002); *Moore v. Calderon,* 108 F.3d 261, 264 (9th Cir.1997), *abrogated on other grounds by Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). However, the state courts' view of untimeliness is not an unreasonable reading of *Faretta.*