MEMORANDUM **
Carlos Arturo Cedano-Perez appeals his conviction, pursuant to a guilty plea, and sentence for unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326.
Cedano-Perez contends that the district court violated his Sixth Amendment right to proceed pro se by denying his request to represent himself. As we have said in *900 the past, “[w]e can find no constitutional rationale for placing trial courts in a position to be whipsawed by defendants clever enough to record an equivocal request to proceed without counsel in the expectation of a guaranteed error no matter which way the trial court rules,”[1] so any request to proceed pro se must be made unequivocally and explicitly.[2] Here, Cedano-Perez never unequivocally stated that he wanted to proceed pro se. When he was asked if he wanted his attorney or another to represent him, he said, ‘Well, I have no objection to both of them proceeding as my counsel.” Asked, “Will you permit Mr. Reed to stand with you?,” he replied, “No, sir. I will go by myself. I don’t want him here. I mean, I will need an attorney to file motions for me for downward departure and stuff like that but I don’t—I mean the guy right here, he don’t want to come here.” To the extent that this might be characterized as “unequivocal,” the unequivocal part is the statement that the defendant wanted counsel, not that he wanted to represent himself.
We have previously held that “[t]he trial court properly may deny a request for self-representation that is a momentary caprice or the result of thinking outloud” or where the “request for self-representation was an impulsive response to the trial court’s denial of his request for substitute counsel.”[3] Cedano-Perez’s request was, at most, an equivocal statement made out of frustration with his counsel. Any errors in the Faretta colloquy are immaterial, because a Faretta inquiry was not even necessary.
Moreover, when taken together with Cedano-Perez’s earlier dismissal of his appointed counsel and the fact that the request, whatever it was for, was not made until the morning of trial, the ambiguous request was untimely because it was “a tactic to secure delay.” [4]
Thus, the district court did not violate Cedano-Perez’s Sixth Amendment rights by requiring him to proceed with his appointed counsel present. However, we grant a remand to the district court for the limited purpose of consideration of the sentencing issues raised by United States v. Ameline,[5]
AFFIRMED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. Meeks v. Craven, 482 F.2d 465, 468 (9th Cir.1973).

. United States v. Arlt, 41 F.3d 516, 519 (9th Cir.1994).

. Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir. 1990).

. United States v. Arlt, 41 F.3d 516, 519 (9th Cir.1994) (quoting United States v. Flewitt, 874 F.2d 669, 679 (9th Cir.1989)).

. United States v. Ameline, 409 F.3d 1073 (9th Cir.2005) (en banc).