**Samuel Eugene ABRAHAM, Petitioner—Appellant,**

v.

**E.K. McDANIEL et al., Respondents— Appellees.**

No. 05–16442.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2006.

Filed June 26, 2006.

Lori C. Teicher, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Jason M. Frierson, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and HOLLAND,* District Judge.

MEMORANDUM **

Petitioner Samuel Eugene Abraham was convicted in Nevada of one count of first-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

degree kidnapping with use of a deadly weapon and six counts of sexual assault with use of a deadly weapon. We review de novo the district court's denial of his petition for a writ of habeas corpus. *Wade v. Terhune,* 202 F.3d 1190, 1194 (9th Cir. 2000). We may not grant the writ unless the state court made a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Petitioner claims that the state court denied him the constitutional right to self-representation, in violation of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). But his first unequivocal request to represent himself was heard by the court five days before trial, and it was accompanied by a request for a three-month continuance. The Nevada Supreme Court's decision that Petitioner's request was untimely and was intended to cause delay was neither unreasonable nor contrary to federal law. *See Hirschfield v. Payne,* 420 F.3d 922, 926 (9th Cir.2005) (holding that imposition of timeliness requirement is not contrary to federal law); *United States v. Arlt,* 41 F.3d 516, 519 (9th Cir.1994) (holding that a request to proceed pro se must be timely and may not be made for the purpose of delay).

The additional issues briefed by Petitioner do not meet the standard for issuance of a certificate of appealability, so we will not address them. 28 U.S.C. § 2253(c).

AFFIRMED.