**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVIER ANTONIO MARTINEZ, AKA
Victor Rodriquez Flores,

Defendant - Appellant.

No. 13-30300

D.C. No. 3:11-cr-00103-RRB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted August 12, 2014
Anchorage, Alaska

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Appellant Javier Martinez appeals his convictions, following a jury trial, and

the 65-year sentence imposed, for the following offenses: illegal reentry (count 1),

false claim of U.S. citizenship with the intent to obtain a benefit or to engage in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

employment (counts 2 through 6), aggravated identity theft (counts 7 through 11), and alien in possession of a firearm (count 12). We AFFIRM the convictions, VACATE the sentence, and REMAND for resentencing.

1. The district court did not violate Martinez's Sixth Amendment right to represent himself. A defendant's waiver of his right to counsel must be timely, unequivocal, and not made for the purpose of delay. *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994). We review this mixed question de novo, and the underlying factual findings for clear error. *United States v. Marks*, 530 F.3d 799, 816 (9th Cir. 2008). Martinez repeatedly stated that his request to proceed pro se was conditioned on a further delay of the trial, and despite multiple inquiries from the court, failed to give any reason for his request other than a delay of the trial. As the court noted, "[Martinez] cannot point to any legitimate thing that counsel could have done on his behalf that had not been done." Given the lack of any bona fide reason for the request, and the affirmative evidence that Martinez sought to delay the trial, the district court did not clearly err in finding that Martinez's request to represent himself was made for the purpose of delay.[1]

---

[1] Because the district court did not clearly err in finding that Martinez's request was made for the purpose of delay, we need not address whether his request was also equivocal.

2.  Martinez's counsel did not render ineffective assistance by conceding Martinez's guilt on multiple counts in closing arguments.  Reviewing de novo, *United States v. Swanson*, 943 F.2d 1070, 1072 (9th Cir. 1991), we find no error. "Judicial scrutiny of counsel's performance must be highly deferential," and counsel must be afforded "wide latitude . . . in making tactical decisions." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  The strategic concession of some questions or counts, in the hope that the jury will find the defense's remaining case more credible, is common, and may be justified in the face of substantial adverse evidence on the conceded matters.[2]  *See, e.g.*, *United States v. Thomas*, 417 F.3d 1053, 1055 (9th Cir. 2005) (assistance was not ineffective where counsel conceded one charge but not others, given substantial evidence of guilt of the former); *Swanson*, 943 F.2d at 1075–76 ("We recognize that in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges.").  Here, the evidence against Martinez was strong, and we presume the concession was strategic since he has failed to demonstrate otherwise.

3.  Martinez next argues that his Fifth Amendment rights were violated

---

[2]  Martinez's reliance on *Swanson* is misplaced, because in that case counsel conceded *all* factual issues in closing arguments, depriving the defendant of any hoped-for strategic advantage.  943 F.2d at 1072–74.  Not so here.

because the prosecutor used his post-arrest silence to impeach his trial testimony. *See Doyle v. Ohio*, 426 U.S. 610, 619–20 (1976). Notwithstanding *Doyle*'s general prohibition against the use of silence for impeachment, the prosecution may comment upon a defendant's prior inconsistent statements—including what was *not* said after arrest—so long as its efforts are designed to explore the inconsistency between the defendant's post-arrest statements and his later testimony. *United States v. Makhlouta*, 790 F.2d 1400, 1404–05 (9th Cir. 1986). In the absence of a timely objection, we review for plain error, and remedy only those violations that affect substantial rights, and seriously undermine the fairness, integrity, or public reputation of judicial proceedings. *United States v. Whitehead*, 200 F.3d 634, 638 (9th Cir. 2000). We need not decide whether the prosecutor plainly erred because his comments , even if error, were not "'prejudicial enough to affect the outcome of the proceedings.'" *Id.* at 640 (quoting *Guam v. Veloria*, 136 F.3d 648, 652 (9th Cir. 1998)).

4. Turning to the sentence, Martinez argues that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve a factual dispute underlying its Sentencing Guidelines calculation. "[T]he sentencing court 'may accept any undisputed portion of the presentence report [PSR] as a finding of fact,' but must rule on 'any disputed portion of the presentence report or other

4

controverted matter.'" *United States v. Pineda-Doval*, 614 F.3d 1019, 1039 (9th Cir. 2010) (quoting Fed. R. Crim. P. 32(i)(3)(A)–(B)). We require "strict compliance" with Rule 32(i)(3)(B), *id.* at 1040, which is to say, explicit findings on disputed matters. *United States v. Doe*, 705 F.3d 1134, 1155 (9th Cir. 2013). That is so because, without as much, "we have no way of knowing which disputed statements, if any, the district court relied on in making its findings." *United States v. Carter*, 219 F.3d 863, 868 (9th Cir. 2000).

We agree that the district judge failed to comply with Rule 32(i)(3)(B) when he stated that Martinez was guilty of "murder," for purposes of the cross reference at issue, *see* U.S.S.G. § 2K2.1(c)(1)(B). Martinez had objected to the PSR's finding that he was responsible for first degree murder, because, as he explained in his sentencing memorandum and at the hearing, he did not have the required state of mind.[3] The government acknowledges that the district court failed to address explicitly Martinez's state of mind, but contends that we may infer that the requisite finding was made from the sentence imposed and the "overwhelming" evidence. However, we have repeatedly and unequivocally rejected that argument. *Doe*, 705 F.3d at 1155; *Carter*, 219 F.3d at 867–68. The government's attempt at

---

[3] Martinez pointed out, in briefing and at argument, the substantive distinctions between first and second degree murder, as well as manslaughter, and the implications for the court's sentencing calculation.

distinguishing *Pineda-Doval* is, likewise, unpersuasive. True, in *Pineda-Doval*, the lower court appeared confused about the mens rea required for homicide. 614 F.3d at 1040. But here, there is no discernible ruling whatsoever in the record.

Finally, the government maintains that the difference between the two degrees of murder is immaterial because, for a Category VI offender like Martinez, both crimes entail a Guidelines range of 360 months to life. We reject this argument. The purpose of Rule 32 is to clarify the factual record, *Carter*, 219 F.3d at 868, and, even post-*Booker*, "the district court *must* correctly calculate the recommended Guidelines sentence and use that recommendation as the 'starting point and the initial benchmark.'" *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam) (emphasis added) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)).

We need not address Martinez's remaining arguments on appeal. We affirm the convictions, vacate the sentence, and remand for resentencing.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**