**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10345 |
| Plaintiff - Appellee, | D.C.  No. 2:10 cr-0121-RLH-RJJ-1 |
| v. | |
| BRETT DEPUE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted December 8, 2014
San Francisco California

Before:    TASHIMA and PAEZ, Circuit Judges, and QUIST, Senior District
Judge.[**]

Brett Depue appeals his convictions for conspiracy to commit bank fraud,

mail fraud, and wire fraud pursuant to 18 U.S.C. § 1349, and wire fraud and aiding

and abetting pursuant to 18 U.S.C. §§ 2, 1343.  Because Depue's waiver of his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Gordon J. Quist, Senior United States District Judge
for the Western District of Michigan, sitting by designation.

right to counsel did not comport with the standards established in *Faretta v. California*, 422 U.S. 806 (1975), we vacate the convictions and remand.  Because the issues are likely to recur on retrial, we reach and reject Depue's challenges to the district court's evidentiary rulings.

## I.    Depue's Waiver of Counsel

For a criminal defendant's assertion of the right to self-representation to be valid, the accused generally must understand:  "(1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation."  *United States v. Lopez-Osuna*, 242 F.3d 1191, 1199 (9th Cir. 2000) (quoting *United States v. Hernandez*, 203 F.3d 614, 623-24 (9th Cir. 2000)).  The government bears a heavy burden in establishing that the defendant's waiver was valid, because we "indulge in every reasonable presumption against waiver."  *United States v. Arlt*, 41 F.3d 516, 520 (9th Cir. 1994) (quoting *Brewer v. Williams*, 430 U.S. 387, 404 (1977)); *see United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir. 1994).

When the district judge asked Depue whether he understood the possible sentences for the crimes with which he was charged, Depue responded "30 years." This response was inaccurate.  Several of the crimes with which Depue was charged carried a 20-year possible sentence.  Because of this material

2

misstatement, which was not corrected during the hearing at which Depue waived counsel, the government did not meet its burden of proving that Depue understood the possible penalties he faced. *Cf. United States v. Forrester*, 512 F.3d 500, 507 (9th Cir. 2007). The district court thus erred in concluding Depue's waiver was knowing and intelligent. Because we have "repeatedly rejected harmless error analysis in the *Faretta* waiver context," we have no choice but to vacate Depue's convictions. *Id.* at 508.

## II.    District Court Evidentiary Rulings

Separately, Depue raises several challenges to the district court's evidentiary rulings. In the interest of judicial efficiency, we address those arguments here and conclude that each challenge lacks merit. *Cf. Thompson v. Paul*, 547 F.3d 1055, 1063 (9th Cir. 2008).

**1.**    Depue first contends that the district court erred in admitting testimony and a letter from his former attorney, James Adams, on the ground that such evidence was subject to attorney-client privilege. When an individual "disclos[es] the content of a privileged communication which is relevant and material to an issue in the case," he waives attorney-client privilege with respect to that communication. *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). In his first trial, Depue testified in detail about his meeting with

Adams, including the specific advice Adams provided and his response to the advice. Depue thus waived the attorney-client privilege as to that communication. Even if the privilege were not waived, Depue's argument would fail because the government made a prima facie showing that Depue used Adams' services (which were the subject of Adams' testimony) to help further an illegal scheme. Thus, Adams' testimony and letter were admissible under the crime-fraud exception. *See In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996).

2.      Depue also contends that the district court erred in allowing Adams to offer expert testimony. Because Depue failed to object to Adams' testimony at trial on this ground, our review is for plain error. *See United States v. Rivera*, 43 F.3d 1291, 1295 (9th Cir. 1995). Depue's challenge fails because Adams' testimony was not expert testimony. Adams' statements about the law were offered to show Depue knew about his subordinates' criminal actions, not to clarify the law's meaning. *Cf. United States v. Beckman*, 298 F.3d 788, 795 (9th Cir. 2002).

3.      Finally, Depue contends that the district court erred in excluding his alternative defenses. None of Depue's proposed defenses, however, even if established, would have mitigated his alleged crimes. The district court thus properly excluded them as irrelevant under Fed. R. Evid. 401 and 402.

4

### III. Conclusion

We reject each of Depue's challenges to the district court's evidentiary rulings, but conclude that the government did not meet its burden of proving his waiver of counsel was knowing and intelligent. Accordingly, we vacate Depue's convictions and remand to the district court for further proceedings.

**VACATED and REMANDED.**