# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52036-2-II |
| Respondent, | |
| v. | |
| JUSTIN SHANE INGALSBE, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – Justin Shane Ingalsbe appeals his possession of a controlled substance, methamphetamine, conviction. He argues that the trial court abused its discretion by denying his request to represent himself and erred by imposing certain legal financial obligations (LFOs).[1] We remand to the trial court to reconsider the LFOs but affirm the conviction.

## FACTS

On November 2, 2017, the State charged Ingalsbe with possession of a controlled substance, methamphetamine. Three weeks later, the trial court appointed Ingalsbe counsel. Approximately six months later, on the day before his jury trial, Ingalsbe asked the trial court for permission to represent himself. The following colloquy then took place:

> [INGALSBE]: So I'm here today because I want to represent myself.
> THE COURT: Why is it you want to represent yourself?
> [INGASLBE]: Because I don't feel I'm being fairly represented.
> THE COURT: Sorry?
> [INGALSBE]: Because I don't feel I'm being fairly represented. I'm being misinformed about things continually.

---

[1] The State concedes error on the LFO issue.

THE COURT: Have you ever represented yourself before in a criminal case?

[INGASLBE]: I've never went to trial before or represented myself.

Report of Proceedings (RP) (May 14, 2018) at 9-10.

The court inquired into Ingalsbe's knowledge of court procedures and the rules of evidence, which was minimal. The court stated, "My concern, Mr. Ingalsbe, is that in order for you—for me to allow you to represent yourself, it has to be what's called an unequivocal request, and the reason I don't think it's unequivocal is it's premised on the fact that you don't think your lawyer is doing the job that you want him to do." RP (May 14, 2018) at 11. The court then asked Ingalsbe to clarify again when he felt his attorney was not fairly representing him. Ingalsbe replied, "Well, I've even given his secretary the names of the witnesses, and nothing came out of it." RP (May 14, 2018) at 12. The court then explained to Ingalsbe that this testimony probably would not be admissible and was not a basis to allow self-representation.

Ultimately, the court denied Ingalsbe's motion stating:

Based on what I've heard today, I'm going to deny the motion to allow you to proceed pro se. I don't believe that it's an unequivocal request. I think it's based on the fact that you don't believe your attorney is doing the job that you want him to do.

RP (May 14, 2018) at 14.

The jury found Ingalsbe guilty as charged. The trial court found Ingalsbe indigent, but imposed several LFOs, including a $200 criminal filing fee, a $700 court-appointed attorney fee, a $100 crime lab fee, and a $100 DNA (deoxyribonucleic acid) collection fee. Ingalsbe appeals.

ANALYSIS

I. RIGHT TO SELF-REPRESENTATION

Ingalsbe claims the trial court abused its discretion by denying his request to represent himself because Ingalsbe's request was unequivocal. We disagree.

A.      Standard of Review and Legal Principles

We review a trial court's decision to deny a defendant's request to proceed as a self-represented litigant for abuse of discretion. *State v. Curry*, 191 Wn.2d 475, 483, 423 P.3d 179 (2018). The court abuses its discretion if its decision "'is manifestly unreasonable or rests on facts unsupported in the record or was reached by applying the wrong legal standard.'" *Curry*, 191 Wn.2d at 484 (internal quotation marks omitted) (quoting *State v. Madsen*, 168 Wn.2d 496, 504, 229 P.3d 714 (2010)). "[E]ven if we disagree with the trial court's ultimate decision, we do not reverse that decision unless it falls outside the range of acceptable choices." *Curry*, 191 Wn.2d at 484. Having seen and heard the proceedings, the trial judge "'is in a better position to evaluate and adjudge than can [an appellate court] from a cold, printed record.'" *Curry*, 191 Wn.2d at 485 (internal quotation marks omitted) (quoting *State v. McKenzie*, 157 Wn.2d 44, 52, 134 P.3d 221 (2006)).

Criminal defendants have a right to self-representation under article I, section 22 of the Washington Constitution and under the Sixth Amendment of the United States Constitution. *Curry*, 191 Wn.2d at 482. However, the right to self-representation is not absolute. *Curry*, 191 Wn.2d at 482. We indulge in "'every reasonable presumption against a defendant's waiver of his or her right to counsel.'" *Madsen*, 168 Wn.2d at 504 (internal quotation marks omitted) (quoting *In re Det. of Turay*, 139 Wn.2d 379, 396, 986 P.2d 790 (1999)).

When a defendant requests to proceed as a self-represented litigant, the request must be unequivocal and timely. *Madsen*, 168 Wn.2d at 504. The issues of equivocality and timeliness focus on if, when, and how the defendant made a request. *Curry*, 191 Wn.2d at 486-87.[2] The

---

[2] We note that while the trial court did not rely on timeliness in denying Ingalsbe's request to represent himself, Ingalsbe waited until the day before trial before making his request.

Supreme Court has adopted the Ninth Circuit's articulation of an unequivocal request that "requires a defendant to 'make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself.'" *Curry*, 191 Wn.2d at 490 (quoting *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994)). If the request is equivocal or untimely, "the defendant's right to counsel remains in place and the trial court must deny the request to proceed pro se." *Curry*, 191 Wn.2d at 486. "'Expressions of frustration'" with counsel are not enough to make a request unequivocal. *Curry*, 191 Wn.2d at 489 (quoting *State v. Luvene*, 127 Wn.2d 690, 699, 903 P.2d 960 (1995)).

B.      Unequivocal Request

Here, Ingalsbe did not make an unequivocal request because Ingalsbe only expressed frustration with his current counsel. Ingalsbe stated that he felt he was not "being fairly represented" and was "being misinformed about things." RP (May 14, 2018) at 9. The court inquired into Ingalsbe's knowledge of court procedures and the rules of evidence. He had minimal understanding of them. The court inquired further as to why Ingalsbe felt his attorney was not fairly representing him. Ingalsbe replied, "Well, I've even given his secretary the names of the witnesses, and nothing came out of it." RP (May 14, 2018) at 12.

Ingalsbe's request to self-represent himself was equivocal. Thus, the court did not abuse its discretion in denying Ingalsbe's request.

II.      LFOs

The sentencing court imposed several LFOs, including a $200 criminal filing fee, a $100 crime lab fee, and a $100 DNA collection fee. Ingalsbe argues that the court erroneously imposed these fees because he is indigent. The State concedes that these fees were wrongly imposed in light of the 2018 amendments to the LFO statutes, Laws of 2018, ch. 269, and *State v. Ramirez*,

191 Wn.2d 732, 747, 426 P.3d 714 (2018). The State also concedes the court appointed attorney fee was wrongly imposed even though Ingalsbe did not raise it. Based on RCW 10.01.160(2) and *State v. Smith*, 9 Wn. App. 2d 122, 126-27, 442 P.3d 265 (2019), we remand to the court to review all LFOs and strike those that are now improper.

We affirm Ingalsbe's conviction, but remand to the trial court to strike improper LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Glasgow, J.