[No. B199849. Second Dist., Div. Four. July 31, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTHUR WEEKS, Defendant and Appellant.

COUNSEL

Irma Castillo, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters, Taylor Nguyen and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

EPSTEIN, P. J.—Arthur Weeks[1] appeals from his conviction on two counts of first degree burglary. (Pen. Code, § 459.)[2] Appellant had been in propria persona, having waived his right to counsel. He argues the court violated his right to self-representation when, at a pretrial proceeding, it reappointed the public defender to represent him over appellant's stated wish to remain in propria persona. (*See Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] (*Faretta*).) We agree that *Faretta* error occurred, but that reversal of the ensuing conviction is not required since, before trial, appellant appeared with retained counsel who represented him at trial, and neither he nor counsel revisited the *Faretta* issue once his retained counsel was substituted in as his attorney.

## FACTUAL AND PROCEDURAL SUMMARY

The only issue presented on appeal is a claim of *Faretta* error, so we present only a brief summary of the facts concerning the underlying charge. In doing so, we review the record in the light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 99 S.Ct. 2781]; *People v. Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738].)

Appellant's conviction arises out of two incidents of residential burglary. Both occurred on June 14, 2005, when appellant entered an apartment complex, primarily housing students, near the University of Southern California campus. Upon entering the complex, appellant walked into the apartment of Paul Ku. Mr. Ku confronted appellant, who then left the apartment. Mr. Ku called university safety officers to report a man lurking around the complex. He also tried to call friends living in the building to warn them of appellant's

---

[1] Appellant is also known as Danny Lee Sims.
[2] All statutory references are to the Penal Code unless otherwise indicated.

suspicious behavior, but was unable to reach any of them. Mr. Ku then went to check on the apartments. He found appellant in an apartment holding a bag belonging to the tenant. He asked appellant to return the bag and other items, and appellant refused. Mr. Ku then escorted appellant out of the complex. When university safety officers responded to his call, Mr. Ku identified appellant as the man who had taken the items. After finding the stolen items on appellant, the safety officers detained him until police arrived.

Appellant was charged and convicted of two counts of residential burglary. Based on his seven prior serious felony convictions and 11 prior prison terms, the court denied his request for leniency and sentenced him as an habitual offender under the "Three Strikes" law. Appellant was sentenced to an aggregate term of 55 years to life in prison. He filed a timely appeal.

## DISCUSSION

Appellant argues his *Faretta* rights were violated when, at a hearing, the court revoked his in propria persona status and reappointed the public defender, over appellant's strong objection. Prior to trial, Deputy Public Defender Rigoberto Arrechiga had been appointed to represent appellant. Later, appellant sought to proceed pro se, and was allowed to do so. After continuing in propria persona for two months, appellant informed the court that he wanted his standby counsel, Mr. Goldberg, to take over. The judge informed appellant that if he lost his status the court would have to appoint the public defender's office to represent him. (§ 987.2, subds. (d), (e); see Gov. Code, § 27706.) During this hearing, it became evident that Mr. Arrechiga would in fact be the deputy public defender handling the case. Appellant made it clear that if he had to choose between remaining in propria persona or being represented by Mr. Arrechiga, he would choose the former. Nevertheless, the judge found appellant's position equivocal. He revoked appellant's in propria persona status and reappointed Mr. Arrechiga over appellant's objection.

Mr. Arrechiga represented appellant for several weeks prior to trial. On April 2, 2007, seven days before the date set for trial, appellant appeared with Attorney Azar Elihu. Ms. Elihu informed the court that she had been retained to represent appellant, and asked to substitute in. The court asked Ms. Elihu if she would be ready to try the case by April 9, 2007, or within three days of that date, and Ms. Elihu responded, "Yes, your honor." The court asked Ms. Elihu if she had received the discovery file from Mr. Arrechiga. Ms. Elihu replied she had received a file from defendant, but not Mr. Arrechiga. Mr. Arrechiga responded, "I will turn everything over." Ms. Elihu acknowledged that would be fine. The court then ruled, "based on your representation that you are going to be prepared to try this case on

April 9th, 2007 or within three days of that day, you are now substituted in as Mr. Weeks' counsel of record."[3]

Ms. Elihu represented him throughout trial and at sentencing. Neither she nor appellant asked the court to revisit the trial court's earlier order reappointing Mr. Arrechiga, nor did they raise an issue about the effect of the decision. Appellant contends the trial court erred in reappointing Mr. Arrechiga and that this error endured throughout the trial, obviating the need to bring up the issue again.

A. *Appellant's desire to remain pro se was not equivocal*

The Sixth Amendment to the United States Constitution, applicable to state criminal proceedings, gives a defendant the right of self-representation as well as the right to be represented by counsel. These rights are mutually exclusive. (*Faretta, supra,* 422 U.S. 806; *People v. Marshall* (1997) 15 Cal.4th 1, 20 [61 Cal.Rptr.2d 84, 931 P.2d 262]; *People v. Tena* (2007) 156 Cal.App.4th 598 [67 Cal.Rptr.3d 412].) The right to self-representation is waived unless the defendant makes an articulate and unmistakable demand to proceed pro se. (*Faretta, supra,* 422 U.S. at pp. 835–836; *People v. Windham* (1977) 19 Cal.3d 121, 127–128 [137 Cal.Rptr. 8, 560 P.2d 1187].) A *Faretta* request must be unequivocal. (*People v. Rogers* (1995) 37 Cal.App.4th 1053, 1057 [44 Cal.Rptr.2d 107].) "This rule 'is necessary in order to protect the courts against clever defendants who attempt to build reversible error into the record by making an equivocal request for self-representation.' " (*People v. Roldan* (2005) 35 Cal.4th 646, 683 [27 Cal.Rptr.3d 360, 110 P.3d 289], quoting *People v. Marshall, supra,* 15 Cal.4th at p. 22.) In determining whether the request is unequivocal, " 'the court's duty goes beyond determining that some of [the] defendant's words amount to a motion for self-representation. The court should evaluate all of a defendant's words and conduct to decide whether he or she truly wishes to give up the right to counsel and represent himself or herself and unequivocally has made that

---

[3] On April 9, 2007, Ms. Elihu filed a handwritten motion to continue. In her motion, she cited three reasons why it should be granted: that a suppression motion was pending; that the "defense is not ready. Defendant is supplying new facts that have to be explored & investigated"; and, "I was retained (pro bono) on April 2 & got the file on 4-6-07." She concluded with a request for a continuance "in order to fully prepare our defense." In the hearing on her motion she added, "first of all the defendant had given me his file that I thought . . . was complete. When I got the file from the public defender, I noticed that there are materials in that file that I have not been aware of and I have to get prepared. And then the defendant has come up with a new file that I need to explore, your honor." The court pointed out that the motion was late (as it was; § 1050, subd. (b)), and reminded counsel that she had represented that she would be ready for trial on April 9 or within three days of that date. The motion was denied. Appellant does not claim error on the basis of this ruling. Instead, he cites the motion to continue in support of his argument that the *Faretta* error was not harmless. (The suppression motion was later heard and denied by the trial court.)

clear.' " (*People v. Tena, supra*, 156 Cal.App.4th at p. 607, quoting *People v. Marshall, supra*, 15 Cal.4th at pp. 25–26.)

" 'In determining on appeal whether the defendant invoked the right to self-representation, we examine the entire record de novo. [Citation.]' " (*People v. Stanley* (2006) 39 Cal.4th 913, 932 [47 Cal.Rptr.3d 420, 140 P.3d 736], quoting *People v. Dent* (2003) 30 Cal.4th 213, 217–218 [132 Cal.Rptr.2d 527, 65 P.3d 1286].)

After the court characterized defendant's request to remain in pro. per. status as "equivocal," it informed appellant that an equivocal statement would lead to a public defender being reappointed. Appellant said, "If it's going to be Arrechiga to represent me, Arrechiga will not represent me." When the court indicated that Mr. Arrechiga would be reappointed, appellant repeated, "I'm not requesting Mr. Arrechiga." During a recess, appellant spoke with Deputy Public Defender Gupta, who told the court appellant did not want his pro se status revoked and did not want the public defender's office or Mr. Arrechiga to represent him. Appellant made it clear that given a choice between representation by the public defender or Mr. Arrechiga and proceeding in propria persona, he chose the latter. His position was clear and unequivocal. The court's refusal to allow him to remain in propria persona was *Faretta* error.

B. *The* Faretta *error does not require reversal*

██ Appellant argues the *Faretta* error tainted the subsequent proceedings, mandating automatic reversal without an assessment of prejudice. Generally, denial of a timely and unequivocal request to proceed in pro. per. is reversible per se. (*People v. Joseph* (1983) 34 Cal.3d 936 [196 Cal.Rptr. 339, 671 P.2d 843].)

But the error may be waived when the defendant later appears at trial with retained counsel, who asks to be substituted in for appointed counsel. (*People v. Dunkle* (2005) 36 Cal.4th 861, 910 [32 Cal.Rptr.3d 23, 116 P.3d 494]; *People v. Stanley, supra*, 39 Cal.4th 913.) A "*Faretta* right, once asserted, may be waived or abandoned." (*People v. Dunkle, supra*, 36 Cal.4th 909.) A defendant may, by his or her conduct, indicate abandonment or withdrawal of a request for self-representation. (*People v. Kenner* (1990) 223 Cal.App.3d 56, 62 [272 Cal.Rptr. 551].) In *People v. Stanley, supra*, 39 Cal.4th 913, the defendant's request for self-representation arose in the course of his *Marsden*[4] motion to substitute his court-appointed attorney with two retained counsel. (*Stanley*, at p. 929.) The court here granted appellant's request to substitute counsel and appellant did not raise the pro se issue again.

---

[4] *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

(*Stanley*, at p. 931.) The Supreme Court held that the motion for substitution of counsel functioned as an acceptance of new counsel and without bringing up the pro se issue after the substitution, appellant had waived it, in favor of counsel. (*Id.* at pp. 931–932.)

■ In *Tena*, this court found a defendant had waived his *Faretta* rights by proceeding to trial with retained counsel after his request to proceed pro. per. had been denied. Appellant would distinguish *Tena* because, in that case, the pretrial judge invited the defendant to revisit the pro se issue at the next hearing, which the defendant failed to do. *Tena* held that *Faretta* error is waived when a defendant proceeds to trial with retained counsel, after a denial of a pro. per. request, unless the defendant or the defendant's attorney makes it clear that the defendant still wishes to proceed in propria persona. A defendant who retains new counsel and proceeds through trial without objection demonstrates willingness to forgo pro se status in favor of proceeding with counsel. If a defendant retains counsel only because the court would not permit him or her to proceed pro se, the defendant or defense counsel must say something on the record to that effect.

■ Appellant cites *U.S. v. Arlt* (9th Cir. 1994) 41 F.3d 516 (*Arlt*) for the proposition that a defendant whose request to proceed in propria persona has been refused does not waive the right to proceed without counsel where he or she substitutes in retained counsel. *Arlt* is distinguishable, as we shall explain. But *Arlt* does include broad language suggesting that no waiver should be enforced even if the defendant had not been rebuffed in previous requests to proceed in pro. per. We respectfully disagree with that position. "California courts are not bound by the decisions of lower federal courts even on federal questions. (*People v. Bradley* [(1969)] 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129].) They are but persuasive authority." (*People v. Neer* (1986) 177 Cal.App.3d 991, 1000–1001 [223 Cal.Rptr. 555].)

In *Arlt*, "the district judge had made absolutely clear that Arlt's first choice, self-representation, was not an available option"; the judge had found the defendant incompetent to represent himself four times before. (*Arlt, supra,* 41 F.3d at p. 522.) Additionally, the *Arlt* defendant's "first choice" seemed to be self-representation. He never requested an attorney and never hinted that any attorney would have been acceptable. Our appellant, however, did not make multiple unsuccessful requests to proceed in propria persona, nor was self-representation his "first choice." His preference was to be represented by

standby counsel Mr. Goldberg. It is plain from what he did say that his desire to remain pro. per. was based on aversion toward the public defender's office, and Mr. Arrechiga, in particular.[5]

The *Arlt* court held that a trial court should assume a defendant whose earlier motions to proceed pro se were denied and who later appeared with retained counsel, wants to remain pro se absent an affirmative statement to the contrary, and that retaining counsel and proceeding to trial without objection does not cure a *Faretta* error. (*Arlt, supra,* 41 F.3d at p. 520.) It may be that where a defendant has been repeatedly rebuffed in his request to proceed in propria persona, an inference of futility may be indulged to obviate the inference from his appearance with retained counsel that he intended to give up his right to proceed in propria persona. That is not our case.

█ *Brown v. Wainwright* (5th Cir. 1982) 665 F.2d 607, 612 (*Brown*), upon which appellant also relies, is similar. In that case, the court noted that a defendant need not continually object to the court's ruling on a per se motion once it is apparent that it is fruitless to do so. In *Brown,* however, the defendant was unsatisfied with his public defender's performance which caused his attorney to file a "Motion for Leave to Withdraw" stating the defendant did not want his services and the defendant wanted to represent himself. (*Id.* at p. 609.) The trial court deferred ruling on the motion and asked the defendant and his lawyer to see if they could resolve their differences. (*Ibid.*) The defendant's attorney represented to the trial court that the differences had been worked out, and the trial court never ruled on the motion. The defendant did not object until the third day of trial. (*Ibid.*) The circuit court described the case as "an example of waiver through subsequent conduct after an initial request. Defendant concedes that at some point after the hearing on the motion to withdraw he asked counsel to continue his representation. . . . [¶] . . . An opportunity to renew his request was available as late as the hearing the day before trial, or perhaps even on the first day of trial." (*Brown, supra,* 665 F.2d at p. 611.) Appellant relies on the court's statement in *Brown* that its decision should not "be read to indicate that a defendant, to avoid waiver, must continually renew his request to represent himself even after it is conclusively denied by the trial court." (*Id.* at p. 612.) But, as *Brown* makes clear, the right of self-representation may be waived through silence or equivocation. (*People v. Lewis and Oliver* (2006) 39 Cal.4th

[5] In *Harris v. Superior Court* (1977) 19 Cal.3d 786 [140 Cal.Rptr. 318, 567 P.2d 750], the court held, under the peculiar circumstances of that case, that a trial court may appoint counsel of a defendant's choice. It is interesting that, after agreeing to take the case pro bono and proceeding with it to conclusion, Ms. Elihu brought two *Harris* motions, requesting the court to pay a fee for her representation. During these motions she told the court that appellant contacted her within days of his arrest, begged her to take his case, and tried to hire her. Ms. Elihu also mentions that she provided legal assistance to appellant during his time acting in propria persona and during Mr. Arrechiga's representation.

970, 1006 [47 Cal.Rptr.3d 467, 140 P.3d 775].) Here, as we have seen, appellant had an opportunity to make it clear on the first day of trial that his real wish was to self-represent and that he had retained counsel only because the trial court would not allow him to continue in propria persona. Neither he nor Ms. Elihu made any statement even hinting at that position.

## DISPOSITION

The judgment is affirmed.

Willhite, J., and Suzukawa, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 28, 2008, S166416.