Filed 1/22/15  P. v. Weir CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ZACHARY LILLIS WEIR, Defendant and Appellant. | D065064 (Super. Ct. Nos. SCD241752; SCD241929; SCD242246) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide and Melinda Lasater, Judges.  Affirmed.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Kristine Gutierrez and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Zachary Lillis Weir appeals the judgment entered against him following a negotiated guilty plea,[1] contending the trial court (Judge Eyherabide) improperly denied his waiver of counsel and request for self-representation under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).[2] We conclude the trial court erred in denying Weir's *Faretta* request, but that the error was cured by Weir's subsequent waiver of his request for self-representation. Consequently, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

As the only issue on appeal is a claim of *Faretta* error, we omit a discussion of the facts underlying the charges in the three cases involved in Weir's negotiated guilty plea, and instead focus on the facts and procedures relevant to his *Faretta* claim.

Weir was determined to be incompetent to stand trial in case No. SCD241752, criminal proceedings were suspended, and Weir was ordered to receive treatment and antipsychotic medication at a state hospital.[3] On July 26, 2013, he was found mentally competent to stand trial.

---

[1]    Weir pled guilty to possession of a controlled substance in case No. SCD241752 (Health & Saf. Code, § 11350, subd. (a)); to false personation of another in case No. SCD241929 (Pen. Code, § 529, subd. (a)(3)); and to unauthorized use of personal identifying information in case No. SCD242246 (Pen. Code, § 530.5, subd. (a)).

[2]    Weir obtained a certificate of probable cause and may assert *Faretta* error on appeal after his guilty plea. (*People v. Robinson* (1997) 56 Cal.App.4th 363, 370.)

[3]    This judgment was reversed in May 2013.

On August 6, 2013, before the preliminary hearings were held in cases

Nos. SCD242246 and SCD241752, Weir requested to waive his right to counsel and

represent himself in all three cases.

The trial court (Judge Eyherabide) held a hearing on Weir's request, originally

confirming that Weir had initialed and signed the *Faretta/Lopez*[4] waiver forms and had

an adequate opportunity to review those forms with his then counsel, Deputy Public

Defender Song. The trial court then questioned Weir about the difference between the

burden of proof at a preliminary hearing and at trial, stating: "If you represent yourself,

these are the things you need to know." The court inquired as to Weir's education, and

whether he had any specialized legal training. It questioned Weir as to the nature of the

charges against him, the amount of prison time he faced if convicted, and how many

jurors had to agree as to his guilt. The court ruled, stating:

> "The Court: . . . Mr. Weir, I will deny your request at this time because the
> court does not feel that you have an understanding of the nature of the
> proceedings. You don't know the difference between a prelim and a jury
> trial and the burden of proof of the People, nor do you understand how
> many jurors would need to find you guilty or not guilty. So I just think it's
> a little premature . . . in terms of you having the knowledge to represent
> yourself right now."
>
> "The Court: . . . I'm just going to deny your request without prejudice,
> which means you can bring it at a future time, at least when this court finds
> that you have a better understanding of what you need to know.
>
> "[Weir]: So I can read a little bit more.

---

4     *Faretta*, *supra*, 422 U.S. 806; *People v. Lopez* (1977) 71 Cal.App.3d 568, 573.

"The Court: I will deny your request without prejudice at this time. As I said, the court does not find that you know the nature of the proceedings to represent yourself at this time, based on our conversation. So we will confirm your preliminary hearing and your trial dates in this matter."

On August 13, 2013, in a hearing before Judge Walsh and in the presence of Weir, defense counsel was relieved due to a conflict, and the Alternate Public Defender Brackney was appointed to represent Weir.

On September 3, the day set for a preliminary hearing and trial before Judge Lasater, Weir made a motion to continue the trial date, which was denied. Weir then requested a *Marsden* hearing.[5] Weir did not ask to represent himself during that hearing, nor did his attorney tell the court Weir wished to represent himself, and the motion was denied.

The preliminary hearing in cases Nos. SCD242246 and SCD241752 then proceeded, and Weir was bound over for trial on several of the counts. Weir was arraigned on the information, and entered a plea of not guilty. Cases Nos. SCD242246 and SCD241752 were consolidated and trial commenced, with case No. SCD242246 trailing.

On September 5, prior to the start of juror selection, Weir again made a motion for continuance, which was denied. The jury was selected and instructed generally concerning its basic functions, duties and conduct. (Pen. Code, § 1122.) Both counsel presented opening statement. Weir interrupted his counsel's statement, asserting that he

---

[5]     *People v. Marsden* (1970) 2 Cal.3d 118.

4

was in error about the events leading to Weir's arrest.  The jury was temporarily released from the courtroom, and the court admonished Weir about his verbal outburst.

Weir asked Judge Lasater for another *Marsden* hearing.  The trial court held the hearing and asked Weir about his concerns about defense counsel.  In the hearing, defense counsel did not tell the trial court Weir wished to represent himself.  After hearing from both counsel and Weir, the trial court specifically asked Weir:

"Well, you--and so what are you asking me to do?"

Weir responded:

"I would like new counsel."

The *Marsden* motion was denied, and trial resumed.

On September 6, Weir entered into a negotiated guilty plea in all three cases.  On October 9, 2013, Weir was sentenced to two years eight months in county jail.

Weir timely appeals.

## II.

## DISCUSSION

Weir's sole appellate contention is that the trial court erred in denying his request for self-representation.  Specifically, he asserts the trial court erred by "denying appellant's *Faretta* motion on the grounds that appellant did not know the different burdens of proof in a preliminary examination versus a jury trial, and did not know how many jurors were needed to convict at trial."  (Capitalization omitted.)

A.    *The Trial Court Committed* Faretta *Error*

A defendant in a state criminal prosecution has a constitutional right under the Sixth and Fourteenth Amendments to waive counsel and represent himself.  (*Faretta*, *supra*, 422 U.S. at pp. 819-821.)[6]  Once a defendant asserts this right,[7] the court must determine whether the defendant has the mental capacity to make a voluntary and intelligent waiver of the right to counsel.  (*People v. Joseph* (1983) 34 Cal.3d 936, 943.) In making this determination, the trial court is not concerned with the wisdom of defendant's decision to represent himself, or with how well he can do so.  The *sole* relevant question is whether the defendant has the mental capacity to knowingly waive counsel while realizing the probable risks and consequences of self-representation. (*People v. Nauton* (1994) 29 Cal.4th 976, 979 (*Nauton*).)

On July 26, 2013, in the present case Weir was found competent to stand trial, but 11 days later in ruling on his *Faretta* request the trial court found he did not have an "understanding of the nature of the proceedings."  These findings cannot be reconciled given the United States Supreme Court's express rejection of "the notion that competence . . . to waive the right to counsel must be measured by a standard that is higher than (or

---

6    Generally a trial court must grant a defendant's request for self-representation if three conditions are met:  the defendant must be mentally competent; defendant must make his request knowingly and intelligently, having been apprised of the dangers of self-representation; and the request must be made within a reasonable time before trial. (*People v. Tena* (2007) 156 Cal.App.4th 598, 604-605 (*Tena*).)

7    In determining on appeal whether the defendant invoked the right to self-representation, we review the entire record de novo.  (*People v. Stanley* (2006) 39 Cal.4th 913, 932 (*Stanley*).)

6

even different from) the . . . standard [for competence to stand trial]." (*Godinez v. Moran* (1993) 509 U.S. 389, 399 (*Godinez*).)

Moreover, in denying Weir's request for self-representation, the court improperly considered defendant's *ability* to represent himself. It determined Weir did not have the knowledge[8] to represent himself, citing as examples his lack of understanding about the differences between a preliminary hearing and jury trial and his lack of knowledge about the People's burden of proof or the number of jurors required to convict.

A trial court may not deny a request for self-representation on the basis of the defendant's inability to present a defense, provided the defendant is competent to stand trial. (*Tena*, *supra*, 156 Cal.App.4th at p. 605.) "[T]he competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." (*Godinez*, *supra*, 509 U.S. at p. 399.) A defendant's technical legal knowledge is simply not relevant to the determination whether he is competent to waive his right to counsel. (*Faretta*, *supra*, 422 U.S. at p. 836; *Nauton*, *supra*, 29 Cal.App.4th at pp. 979-980.) As our highest court has noted, while most defendants would be better defended with counsel than without, "a criminal

---

8    We are aware our high court has held that the Constitution does not prohibit states from insisting upon representation by counsel for those competent enough to stand trial, but who suffer from *severe mental illness to the point where they are not competent to conduct trial proceedings.* (*Indiana v. Edwards* (2008) 554 U.S. 164.) However, our reading of the record simply does not suggest the trial judge here focused on any severe mental illness of Weir that prevented him from ably representing himself.

7

defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation."  (*Godinez*, at p. 400.)

The People correctly note that in addition to competence, a defendant seeking to waive counsel and represent himself must be found to do so knowingly and voluntarily. (*Tena*, *supra*, 156 Cal.App.4th at pp. 604-605.)  They argue the court's inquiry about Weir's knowledge concerning the differences between preliminary hearings and trials, the People's burden of proof and the number of jurors needed to convict was no more than the court's probing into whether Weir's waiver of counsel and request to represent himself was being knowingly and intelligently made.  We are not persuaded.

The purpose of the knowing and voluntary inquiry is to determine whether the defendant understands the significance of his decision and whether the decision is uncoerced.  (*Godinez*, *supra*, 509 U.S. at p. 401; *Faretta*, *supra*, 422 U.S. at p. 835.) Here the whole tenor of the court's remarks and ruling focused on what Weir would need to know were he to represent himself at trial:  "If you represent yourself, *these are the things you need to know*"; ". . . I just think it's a little premature . . . *in terms of you having the knowledge to represent yourself right now*"; "you can bring it [*Faretta* request] at a future time, *at least when this court finds that you have a better understanding of what you need to know*."  (Emphasis added.)  We simply cannot agree with the People that the trial court was trying to assure itself Weir's decision was not coerced and that he understood the consequences of his self-representation request.

Therefore, we conclude the trial court erred in denying Weir's motion for self-representation.

8

B.    *The* Faretta *Error Was Cured by Weir's Abandonment of His Claim for Self-Representation*.

Weir contends "[t]he denial of the right to self-representation is prejudicial per se[,]" and reversal is mandated.  It is true that, generally, denial of a timely and unequivocal request to proceed in propria persona is reversible per se.  (*People v. Weeks* (2008) 165 Cal.App.4th 882, 887.)  However, numerous courts have held that after a defendant invokes the right to self-representation, a waiver may be found if it reasonably appears that the defendant abandoned the request.  (See, e.g., *People v. Dunkle* (2005) 36 Cal.4th 861, 907-908 [*Faretta* right, once asserted, may be waived or abandoned]; *Stanley*, *supra*, 39 Cal.4th at p. 933 [Defendant's request for self-representation arose in the course of a *Marsden* motion to substitute his court-appointed attorneys with retained counsel.  The court granted the substitution and the defendant did not raise the pro se issue again.]; *People v. Kenner* (1990) 223 Cal.App.3d 56, 62 (*Kenner*) [defendant may, by his or her conduct, indicate abandonment or withdrawal of a request for self-representation]; *Tena*, *supra*, 156 Cal.App.4th at pp. 609-615 [*Faretta* error is waived when a defendant proceeds to trial with counsel after denial of a pro se request, unless defendant or defendant's attorney makes it clear defendant still wishes to proceed in propria persona].)

The People contend that even if we find *Faretta* error, the judgment must be affirmed because after August 6, Weir abandoned his request for self-representation.  On this record, we agree.

9

In ruling on Weir's *Faretta* request, Judge Eyherabide told Weir his request to waive counsel and represent himself was premature and that he could ask again at a later time. He never did so. (*Stanley*, *supra*, 39 Cal.4th at p. 933 [once defendant's request for self-representation was denied, he never renewed it]; *Tena*, *supra*, 156 Cal.App.4th at p. 611.) Despite having three explicit opportunities, before two different judges, to discuss the status of his representation (Aug. 13 hearing in which the alternate public defender was substituted for the public defender; *Marsden* hearings held Sept. 3 and 5),[9] neither Weir nor his counsel ever told the trial court Weir wished to waive counsel and represent himself. (*Tena*, at p. 611 [defendant never accepted the court's invitation to renew his request, notwithstanding his demonstrated proclivity to speak for himself and opportunity to do so before a new bench officer]; see *People v. Valdez* (2004) 32 Cal.4th 73, 102.) A defendant who sincerely seeks to represent himself has a responsibility to speak up — Weir did not. (*Kenner*, *supra*, 223 Cal.App.3d at p. 62.) Most tellingly, in the *Marsden* hearing held September 5, not only did Weir not tell Judge Lasater that he wanted to represent himself, he clearly, succinctly and unequivocally told the court he "would like new counsel." (*McKaskle v. Wiggins* (1984) 465 U.S. 168 [waiver of right to self-representation may be presumed from conduct]; see *Kenner*, at pp. 60-62.) Weir

---

9    Weir argues it would have been futile to renew his *Faretta* request in that the trial court made it clear he did not have the legal knowledge to represent himself and, given the short time before trial, he could not have "prepared to overcome the test on legal technicalities." We are not persuaded — Weir appeared before two different jurists, and he or his counsel could have reasserted his self-representation request on no less than three occasions. Moreover, in the September 5 *Marsden* hearing, Weir clearly indicated he wished to have "new counsel." Weir abandoned his *Faretta* request.

proceeded to trial with Alternate Public Defender Brackney, and during trial allowed counsel to negotiate a guilty plea with the People and then accepted the benefits of that agreement. He cannot be held to complain that the denial of his right to waive counsel and represent himself requires reversal. (*McKaskle*, at pp. 182-183 [once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request]; *Kenner*, at pp. 61-62; *United States v. Montgomery* (10th Cir. 1976) 529 F.2d 1404.)

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

HUFFMAN, Acting P.J.

O'ROURKE, J.

11