Filed 11/29/22 P. v. Williams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079502 |
| v. | (Super.Ct.No. FVA015674) |
| LAWRENCE WILLIAMS II, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael R. Libutti, Judge. Affirmed.

Lawrence Williams II, in propria persona; and Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Lawrence Williams II appeals the trial court's order granting his motion to correct a sentencing error. After his counsel filed a no-issue brief under *Anders/Wende*[1], Williams filed his own supplemental brief challenging the trial court's authority to issue the requested correction nunc pro tunc. We affirm.

## I. FACTS

In 2003, Williams pleaded guilty to two counts of attempted murder and admitted a firearm enhancement. In January 2020 he filed a motion to correct the record under Penal Code section 1237.1 claiming the sentencing court failed to properly award him 685 days of actual presentence custody credits. The court heard the motion in June 2020. A public defender represented Williams at the hearing and waived Williams's presence. The court granted the motion, awarding Williams 686 actual credits and 99 conduct credits for a total of 785 days of presentence custody credits. The court asked the parties if "that would be nunc pro tunc back to date of sentencing," all parties agreed it would be, and the court entered the order accordingly. Williams appealed.

## II. ANALYSIS

On Williams's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring he found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel is

---

[1] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

2

unable to identify any arguable issues.  (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1130-1131, petn. for review granted Mar. 17, 2021, S266853; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1034, 1039, petn. for review granted Oct. 14, 2020, S264278 (*Cole*).)  However, "if the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits."  (*Cole*, at p. 1040.)  Here, after appellate counsel filed a brief notifying us Williams's appeal presented no arguable issues, we offered Williams an opportunity to file a personal supplemental brief, and he did so.  We will therefore address the arguments he raises in his brief.

Williams makes two arguments.  First, he argues that he did not consent to be represented at the hearing on his motion by a public defender, and that this violated his Sixth Amendment right to represent himself.  Second, he argues the trial court erred by making the presentence custody credit award nunc pro tunc.  We affirm.

A.     *Right to Self-Representation*

"The Sixth Amendment to the United States Constitution, applicable to state criminal proceedings, gives a defendant the right of self-representation as well as the right to be represented by counsel.  These rights are mutually exclusive. [Citations.]  The right to self-representation is waived unless the defendant makes an articulate and unmistakable demand to proceed pro se."  (*People v. Weeks* (2008) 165 Cal.App.4th 882, 886 (*Weeks*).)  In other words " '[t]he right to counsel is self-executing; the defendant need make no request for counsel in order to be entitled to legal representation,' " while

3

"[t]he right to self-representation, on the other hand, must be clearly, timely, and effectively invoked." (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 104 (*Fedalizo*).) " ' "In determining on appeal whether the defendant invoked the right to self-representation, we examine the entire record de novo. [Citation.]" ' " (*Weeks*, at p. 887.)

In *Fedalizo* a defendant claimed he was denied his right to self-representation when the court allowed a public defender to represent him at the hearing on a postconviction petition under Proposition 47, which he filed in propria persona. (*Fedalizo*, *supra*, 246 Cal.App.4th at pp. 102-103.) The court rejected this argument, noting that "a deputy public defender appeared and represented that defendant had waived his presence. Absent evidence that defense counsel misrepresented his authority to appear for defendant and waive his presence, we cannot presume that counsel neglected to obtain defendant's consent before proceeding as his attorney. [Citation.] To do otherwise would be contrary to the basic requirement that we ' " 'indulge in every presumption to uphold a judgment' " ' and that we look to the appellant to show error." (*Id.* at p. 105.)

This case is directly analogous to *Fedalizo*. Here, as in *Fedalizo*, a public defender appeared, told the court they represented Williams, and waived his presence. Therefore, as in *Fedalizo*, this is uncontradicted evidence the public defender had authority to represent Williams.

Even ignoring this evidence and the presumption in its favor, Williams presents no evidence that he ever affirmatively invoked his right to self-representation. Williams

made no request to represent himself, either in his motion to correct the record or in a separate motion. Williams also had six months to make such a request after filing his motion, and he did not. Given that there is no evidence Williams invoked his right to self-representation, we conclude he waived that right.

### B. Authority to Correct Error Nunc Pro Tunc

Generally speaking, we are limited to deciding issues the appellant preserved for appeal. " ' " '[A] constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " ' " (*People v. McCullough* (2013) 56 Cal.4th 589, 593, citing *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.) "[A]n appellant waives his right to attack error by expressly or impliedly agreeing or acquiescing at trial to the ruling or procedure objected to on appeal. [Citations.]" (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501.)

Here, Williams's counsel expressly agreed to have the order entered nun pro tunc. Williams thus waived any alleged error which arose as a consequence of the order being entered nunc pro tunc.

Nor is there any exception to the waiver doctrine which would preserve this issue for appeal. The only potentially applicable exception would be the unauthorized sentence exception. This exception applies where the sentence "could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) However, " '[c]laims of error relating to sentences "which, though otherwise

5

permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court.' " (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218, italics omitted.)

Williams does not claim there was any error in the court's award of presentence custody credits, or that there is any correctable error in his sentence as a whole. Williams claims only that the court awarded presentence custody credits in a procedurally flawed manner—namely, by doing so nunc pro tunc. In other words, Williams makes no argument, and there is no reason to believe, his sentence is unauthorized. Thus, even assuming the court erred by making the order nunc pro tunc, Williams could and did waive that claim of error.

Though we do not reach the merits of Williams's appeal, we do note that there is some reason to believe courts have the authority to correct presentence custody credits nunc pro tunc. It is well established that "[t]rial courts have the authority to enter nunc pro tunc orders to address *clerical* errors, but not *judicial* errors." (*Sannmann v. Department of Justice* (2020) 47 Cal.App.5th 676, 683.) Courts also have the "inherent power to correct clerical errors," by order, and a court "may correct such errors on its own motion or on the application of the parties." (*People v. Jack* (1989) 213 Cal.App.3d 913, 915 (*Jack*).) Other courts have held, and some legislative history materials agree, that errors in the calculation of presentence custody credits are clerical errors for purposes of the court's inherent authority to correct clerical errors. (See, e.g., *id.* at pp. 916-917 [holding that a court has the inherent authority to correct presentence

custody credits at any time because any error in calculating such credits is a clerical error]; *People v. King* (2022) 77 Cal.App.5th 629, 638-639 [agreeing with *Jack*'s analysis of a court's inherent authority to correct clerical errors but disagreeing with its jurisdictional analysis]; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 354 (1995-1996 Reg. Sess.) Apr. 25, 1995 [noting Pen. Code section 1237.1 was passed in order to "promote judicial economy by avoiding the utilization of the formal appellate process for [the] minor ministerial act," of correcting errors in awarding presentence custody credits].)  Given the issue is waived, however, we do not reach it here.

## III. DISPOSITION

We affirm the order granting Williams's motion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:


MILLER
Acting P. J.


SLOUGH
J.

7