Filed 3/4/26  P. v. Stortz CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL STORTZ,<br><br>       Defendant and Appellant. | A171098<br><br>(San Francisco City & County Super Ct. No. CRI23016291) |

## MEMORANDUM OPINION[1]

Michael Stortz was sentenced to five years' imprisonment after a jury convicted him of kidnapping.  (Pen. Code,[2] § 207, subd. (a).)  In this appeal, he urges us to reverse that conviction, arguing the trial court erroneously denied Stortz's request to represent himself under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).  As we explain below, the trial court's denial of Stortz's *Faretta* motion at the preliminary-hearing stage was harmless beyond a reasonable doubt, and Stortz has forfeited any appellate claim with respect to representing himself at trial.  Accordingly, we will affirm.

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All statutory references are to the Penal Code.

Under *Faretta, supra*, 422 U.S. at p. 807, "a defendant in a state criminal trial has a constitutional right to proceed *without* counsel when he voluntarily and intelligently elects to do so."  Although the deprivation of that right at trial "cannot be harmless" (*McKaskle v. Wiggins* (1984) 465 U.S. 168, 177, fn. 8), such a deprivation at the preliminary hearing "is subject to harmless error analysis" pursuant to *Chapman v. California* (1967) 386 U.S. 18, 24, which held that no reversal is required for certain errors that are harmless beyond a reasonable doubt.[3]  (*People v. Tena, supra,* 156 Cal.App.4th at p. 615.)

Here, any error in the trial court's denial of Stortz's *Faretta* motion at the preliminary-hearing stage was harmless beyond a reasonable doubt. Neither party explains how Stortz's inability to represent himself at the preliminary hearing contributed to the verdict, and we see no way it could have done so.  There were only two witnesses at the preliminary hearing: Officer Grande, who authenticated video evidence, and investigating Officer Lopez Martinez who relayed statements from the complaining witness.  The record simply belies any suggestion that Stortz could have cross-examined these witnesses better than his professional counsel:  When the trial court earlier questioned Stortz about his *Faretta* motion, Stortz voiced his belief that kidnapping was a misdemeanor, ignored the judge's request not "to talk about the facts" of the case, and otherwise spoke in a confusing, nonresponsive, and sometimes self-contradictory manner.  Defense counsel's

---

[3] We reject Stortz's contention in his reply brief that the extension of harmless-error analysis "to *Faretta* violations at the preliminary hearing stage" was based on "flawed" reasoning.  In *People v. Tena* (2007) 156 Cal.App.4th 598, 614, the Second District analogizes the right to self-representation to the right to counsel, whose deprivation at the preliminary hearing is also subject to harmless-error analysis under *Coleman v. Alabama* (1970) 399 U.S. 1, 11.

2

performance, on the other hand, helped defeat a holding order for a violation of section 209.

Nor is it reasonable to believe that Stortz would have called other witnesses. At the hearing, Stortz acknowledged that while he remained in custody, he "ha[d] no ability to go and get witnesses or evidence in order for the trial." In any event, the incident underlying the offense was witnessed only by the victim, the perpetrator, and perhaps one other person who was never identified.[4] And at trial, the only defense witness was an expert on eyewitness identifications, whose testimony might plausibly raise a reasonable doubt at trial, but could not reasonably influence the preliminary-hearing finding of probable cause, which was based in part on videotape evidence depicting "distinctive features" of the perpetrator. For those reasons, it is beyond any reasonable doubt that denying Stortz's *Faretta* motion at the preliminary-hearing stage did not affect the outcome.

Then there is the question of whether Stortz was deprived of his right to represent himself at trial. As the Attorney General persuasively argues, Stortz abandoned his *Faretta* motion and thereby forfeited this claim on appeal. A "waiver of the right to self-representation may be presumed from conduct." (*People v. Kenner* (1990) 223 Cal.App.3d 56, 61.) Here, when the trial court first denied the *Faretta* motion, the court specifically told Stortz he could "bring this motion again." Stortz's subsequent conduct—failing to renew his motion and proceeding to trial with court-appointed counsel— provides ample ground for a presumption of waiver of the right to self-representation in his case. (Cf. *People v. Weeks* (2008) 165 Cal.App.4th 882,

---

[4] According to the victim's trial testimony, an unknown person yelled out from across the street when she was in the alley on the ground—but "it was . . . dark shadowy."

3

where the defendant waived that right by proceeding to trial with retained counsel.[5])

Finally, we are not persuaded by Stortz's argument that we cannot presume Stortz abandoned his *Faretta* motion because the trial court "conditioned any later motion on appellant meeting a condition that is constitutionally irrelevant under *Faretta*:  acquiring enough 'foundational knowledge' to represent himself."  This account omits crucial context.  Even after the trial court made its remark about foundational knowledge, Stortz maintained that he was "completely ready" and "would like to go on . . . ."  Then the court replied in relevant part:  "I would do your own research, talk to the public defender, and you can bring this motion again."  Thus, notwithstanding any error in the trial court's remarks, the record shows that even after those remarks, Stortz still believed himself to have the requisite knowledge upon which the trial court allegedly "conditioned any later motion."  Consequently, there is no reason to believe that those remarks caused Stortz to undertake the course of conduct he did.

## DISPOSITION

We affirm.

---

[5] We disagree with Stortz that the court-appointed posture of his own counsel sufficiently distinguishes his case from *Weeks*.  Unlike Weeks, Stortz was invited to renew his motion at a later date, a fact that balances any weight we might ascribe to the fact that Weeks's counsel was retained.

4

_____
SMILEY, J.

WE CONCUR:


_____
HUMES, P. J.


_____
BANKE, J.

*People v. Stortz* / (A171098)