Filed 6/16/26  P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084319 |
| v. | (Super. Ct. No. INF2200697) |
| FRANCISCO JOSE RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Anthony R. Villalobos, Judge.  Affirmed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Stephanie H. Chow, and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

A jury convicted defendant and appellant Francisco Jose Rodriguez of one count of aggravated sexual assault of a child (Pen. Code, § 269, subd. (a); count 1),[1] one count of kidnapping a child (§ 207, subd. (b); count 2), one count of lewd act with a child (§ 288(a); count 3); four counts of unlawful intercourse with a minor (§ 261.5, subds. (c), (d); (counts 4, 6, 7, & 8); and one count of rape of an intoxicated person (§ 261, subd. (a)(3); count 5). The jury also found true various aggravating factors. The trial court sentenced defendant to 17 years, plus 15 years to life.

Defendant contends the trial court erroneously denied his *Faretta*[2] motion to represent himself at trial. Because the trial court reasonably found that defendant's request to represent himself was equivocal and we alternatively find that the motion was untimely, we conclude the trial court properly denied it. We therefore affirm the judgment.

---

[1] All further statutory references are to the Penal Code.

[2] *Faretta v. California* (1975) 422 U.S. 806.

## II.

## BACKGROUND[3]

Defendant was charged in April 2022, and his trial was eventually set for March 26, 2024, with a trial deadline of March 28, 2024. On the morning of March 26, 2024, defendant's third attorney (who was appointed after defendant made a fourth *Marsden*[4] motion) appeared and asked for a two-month continuance since he had just been appointed and was not ready for trial since he had not even received defendant's file.

The trial court told defendant that the trial deadline was two days away and acknowledged that he did not want to waive time. The court explained that he could go to trial if he wanted to represent himself but, if not, the court would continue the trial so his attorney could prepare. Defendant replied, "I can't represent myself, and I'm not going to waive time."

The trial court asked defendant's attorney to propose an earlier date, and he proposed April 26, 2024. Defendant objected and asked for another *Marsden* hearing.

The trial court replied, "[n]obody is going to be ready to take your case to trial [in two days]. If you want to represent yourself, you most certainly do that. I would advise against it. But with the charges that you are facing, it's a life offense. You're facing significant charges. You don't want somebody who's just going to pick up the file and,

---

[3] The facts of defendant's offenses are irrelevant to defendant's *Faretta* motion, which is the sole issue on appeal.

[4] *People v. Marsden* (1970) 2 Cal.3d 118.

without reading through it, say, okay, let's go to trial [in two days]. Right? Any attorney is going to take the time to read through the file and do their best to prepare to get ready. . . ." "[Y]ou can't essentially ask the Court to relieve your attorney and then be upset because whoever the attorney is that's appointed can't get ready to represent you on a life case in two days."

Defendant repeated his request for another *Marsden* hearing, and the court agreed to hold one.

At that hearing, defendant explained that he wanted a new attorney because his current attorney is "busy with other cases." The court stated that every attorney would have other cases and every attorney would need "at least 45 days" to prepare. Defendant said he wanted to ask the trial judge if he could represent himself, so the trial court denied his *Marsden* motion and allowed him to do so.

Later that afternoon, defendant filed a *Faretta* motion to represent himself. When the trial court asked what had changed since a few hours beforehand when he said he did not want to represent himself, defendant replied, "I just changed my mind" because he realized there was no other way for the trial to proceed two days later unless he represented himself. The trial court responded that it was concerned defendant's request was "not an unequivocal request" given that just a few hours prior he said he did not want to represent himself. The court also expressed its concern that defendant could not represent himself with two days' preparation, then asked about his level of education. Defendant said he did not graduate high school nor get a GED.

4

The trial court then denied defendant's *Faretta* motion. The explained it was doing so because it had "concerns . . . whether or not your request is truly an equivocal request," defendant faced serious charges, and he had less than a high school education.

Defendant's trial began about two months later. The trial took over three weeks and 12 witnesses testified.

## III.

## DISCUSSION

Defendant's sole argument on appeal is that the trial court erroneously denied his *Faretta* motion. We find no error.

A criminal defendant has a constitutional right to self-representation if the defendant's request for self-representation "is made within a reasonable time prior to the commencement of trial, is unequivocal, and is made voluntarily, knowingly, and intelligently." (*People v. Wright* (2021) 12 Cal.5th 419, 435-436.)

Just hours before defendant's *Faretta* motion, he told the trial court, "I can't represent myself," and asked for a fifth *Marsden* hearing. After that was denied, defendant filed his *Faretta* motion. This sequence of events, coupled with defendant's claim that he could not represent himself, supports the trial court's conclusion that defendant's *Faretta* motion was born "made out of a temporary whim, or out of annoyance or frustration" with the *Marsden* denial and was thus equivocal. (See *People v. Marshall* (1997) 15 Cal.4th 1, 21; *People v. Scott* (2001) 91 Cal.App.4th 1197, 1205 [trial court properly denied *Faretta* motion as equivocal where defendant's "comments

5

suggest he made the *Faretta* motion only because he wanted to rid himself of appointed counsel"]; *People v. Valdez* (2004) 32 Cal.4th 73, 99 [defendant's reference to right of self-representation, made immediately following denial of *Marsden* motion, supports conclusion that defendant did not make an unequivocal *Faretta* motion]; see also *Moon v. Superior Court* (2005) 134 Cal.App.4th 1521, 1529-1530 [*Faretta* request motivated by dissatisfaction with counsel is not equivocal]; *People v. Weeks* (2008) 165 Cal.App.4th 882, 885-886 [same].)

Although the trial court properly denied defendant's *Faretta* motion because it was not unequivocal, we conclude the trial court also properly denied the motion because it was untimely. (See *People v. Halvorsen* (2007) 42 Cal.4th 379, 433, fn. 15 [appellate court may affirm denial of *Faretta* motion as untimely even if trial court denied it on other grounds].)

The denial of an untimely *Faretta* motion is reviewed for an abuse of discretion. (*People v. Buenrostro* (2019) 6 Cal.5th 367, 426.) "Motions made just prior to the start of trial are not timely." (*People v. Scott, supra*, 91 Cal.App.4th at p. 1205.) Courts have consistently held that *Faretta* motions made days before trial are not timely. (*People v. Frierson* (1991) 53 Cal.3d 730, 742 [two days]; *People v. Howze* (2001) 85 Cal.App.4th 1380, 1397 [two days]; *People v. Scott, supra*, at p. 1205 [four days]; *People v. Hill* (1983) 148 Cal.App.3d 744, 757 [five days]; *People v. Ruiz* (1983) 142 Cal.App.3d 780, 791 [six days].) Defendant's *Faretta* motion, made two days before trial was set to begin, was untimely. (See *People v. Frierson, supra*, at p. 742; *People v. Wright, supra*, 12

Cal.5th at p. 436.)  This is true even though the court later continued the trial.  (See *People v. Dent* (2003) 30 Cal.4th 213, 221.)

Since defendant's *Faretta* motion was untimely, we must determine whether the trial court abused its discretion in denying it.  (*People v. Thomas* (2023) 14 Cal.5th 327, 398.)  We conclude it did not.

"In exercising its discretion," to deny an untimely *Faretta* motion, "'the trial court should inquire into the defendant's reasons for the request[s]' and should consider factors including '"the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion."'"  (*People v. Thomas*, *supra*, 14 Cal.4th at p. 399.)

Several of these factors support the trial court's decision to deny defendant's untimely *Faretta* motion.  First, defendant had a "proclivity" to substitute counsel—the court held a *fifth Marsden* hearing for defendant just before he made his *Faretta* motion.  Second, defendant asked to represent himself simply because he did not want a continuance for his *third* attorney to prepare, even though a continuance would have been necessary to allow defendant to prepare.  Third, the stage of the proceedings—two days before trial was set to begin and almost two years after defendant had been charged— supported the trial court's decision.  Fourth, the disruption or the delay which might have followed had the court granted defendant's *Faretta* motion would have been significant,

7

given the seriousness of the charges, the number of witnesses, the length of the trial, and defendant's limited education.

On this record, the trial court acted within its discretion in denying defendant's equivocal, untimely *Faretta* motion. We therefore affirm the judgment.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____
                                                                J.

We concur:

McKINSTER _____
              Acting P. J.

FIELDS _____
                    J.