Filed 1/3/24  P. v. Baker CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B325893 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA095371) |
| v. | |
| TOMMIE LEE BAKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Tommie Lee Baker seeks reversal of his sentence and remand for resentencing, asserting the trial court's denial of his motion to represent himself in a resentencing proceeding was an abuse of discretion as well as a violation of the Sixth Amendment to the United States Constitution and his right to due process. We find no merit in defendant's arguments and thus affirm the judgment.

## BACKGROUND[1]

A jury convicted defendant of the attempted murder of Antonio Godinez (count 1) and found he personally used, intentionally discharged, and proximately caused great bodily injury with a firearm (Pen. Code, § 12022.53, subds. (b)-(d)),[2] and personally inflicted great bodily injury (§ 12022.7, subd. (a)). Defendant was also convicted of four counts of attempted carjacking, and during each crime defendant personally used a firearm (§ 12022.53, subd. (b)). As to the attempted carjacking from Godinez (count 2), the jury found defendant inflicted great bodily injury (§ 12022.7, subd. (a)). In October 2007 defendant was sentenced as a second strike offender to an aggregate sentence of 58 years to life in prison. On appeal, this court held the sentences for the attempted carjacking alleged in counts 3 and 4 were erroneously stayed, and the matter was remanded for resentencing. (*People v. Baker* (May 7, 2009, B204173) [nonpub.

---

[1]    We do not include a summary of the evidence adduced at trial, as it is unnecessary to the determination of the issues raised on appeal. We provide a timeline to address arguments made by defendant regarding delays.

[2]    All further unattributed statutory references are to the Penal Code.

opn.].)  The trial court resentenced defendant to the same total term by striking the order to stay counts 3 and 4, and instead imposing the concurrent middle terms of five years for each count.

In 2018, the California Department of Corrections and Rehabilitation notified the trial court of inconsistencies between the abstract of judgment and a related minute order, suggesting the possibility of an unauthorized sentence.  When the case was called for resentencing on January 15, 2019, defendant moved pursuant to *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*) to have appointed counsel relieved and to represent himself.  The trial court reviewed the court record and found defendant had filed a "whole bunch" of petitions for habeas corpus petitions.  Defendant volunteered that the court had sent him a cease and desist letter.  The court also found defendant was originally granted pro. per. status in January 2007, and asked for reappointment of counsel in April 2007.  The court noted that after conviction defendant filed a number of habeas petitions, as well as various motions before three different judges.  Based on these findings the trial court denied the *Faretta* motion and noted trial counsel had been adequate counsel through trial and to the present.  The court observed defendant to be "playing games."

In response, defendant stated reasons for his dissatisfaction with appointed counsel.  The trial court asked whether defendant was requesting new counsel.  Defendant said he was, prompting the court to conduct a *Marsden* hearing.[3]  Defendant explained that counsel had been ineffective prior to his 2007 trial.  The court denied the *Marsden* motion.

---

[3]     See *People v. Marsden* (1970) 2 Cal.3d 118.

Defendant was resentenced and again appealed, citing sentencing errors and asserting that the trial court erred by denying defendant's request to represent himself at the resentencing hearing. (*People v. Baker* (May 6, 2020, B295721) [nonpub. opn.].) Due to sentencing errors, we again remanded the matter with directions regarding resentencing, noting, "On remand, defendant can again request self-representation, and the trial court can consider that request based on the facts known at the time." (*Ibid*.)

On October 30, 2020, after remand, defendant requested appointment of new counsel. A new bar panel attorney was appointed on October 30, 2020, and a resentencing hearing was scheduled for November 30, 2020. After several continuances due to defendant's medical condition, a hearing was held on May 19, 2021, for resentencing and to consider defendant's renewed *Faretta* motion. After hearing from defendant regarding the *Faretta* motion, and warning defendant of the drawbacks of self-representation, the trial court granted the motion, relieved counsel, and continued the matter to June 2, 2021.

On that date the court advised it had been notified that defendant's pro. per. privileges had been revoked due to concerns about his mental health and possible self-harm by the sheriff's department. The trial court declared a doubt about defendant's mental status pursuant to section 1368. The court revoked defendant's pro. per. status, appointed stand-in counsel, and continued the matter to the following week. A bar panel attorney was appointed and requested a continuance to investigate the sheriff's department report. The proceedings were suspended.

On June 29, 2021, the new attorney told the court that unlike the last court date defendant appeared to be "quite competent," but that he would return the next day with an

evaluation order.  The matter was continued to July 29, 2021 pending an evaluation pursuant to section 1368.  On that date, defense counsel reported the psychologist needed an additional 30 to 45 days due to limited video availability.  The matter was continued twice, awaiting reports from the psychologist.

On December 21, 2021, before the completion of defendant's evaluation, the trial court allowed defense counsel to withdraw as counsel for defendant, as defendant had written a letter to the court making allegations against counsel, creating an irreconcilable conflict.  The court appointed another bar panel attorney, who requested a three-week continuance.  On January 10, 2022, the court appointed still another bar panel attorney. On January 11, 2022, defendant's handwritten pro. per. *Faretta* motion was filed.  On February 1, 2022, defendant appeared with new counsel, who informed the court that the psychological evaluation had not been completed due to the conflict with prior counsel.  The new attorney, McCurry, asked to bring in a psychologist of his choosing and for time to do so.

The competency hearing was continued several times at defense counsel's request due to the medical evaluation not being completed.  On September 1, 2022, the parties submitted the issue on the psychologist's report.  After review the trial court found defendant was fully aware of the nature of the proceedings against him and competent to proceed with resentencing on September 22, 2022.  Defendant did not mention a motion to represent himself.

On September 22, 2022, defendant appeared with counsel, who had filed an extensive sentencing memorandum advocating full resentencing due to ameliorative changes to the law.  The trial court had reviewed the memorandum and the attachments, including letters of support, prison accomplishments, defendant's

age at the time of the crimes (25 years), and evidence of a troubled childhood due to his mother's longstanding drug abuse issue. The court agreed full resentencing was warranted and sentenced defendant to a total term of 20 years, eight months plus 25 years to life in prison. The court chose the middle term over the high term as to count 1, doubled as a second strike to 14 years, plus the firearm enhancement pursuant to section 12022.53, subdivision (d) of 25 years to life. The court then imposed one-third the middle term of one year eight months as to count 2, without doubling as a second strike. The firearm and great bodily injury enhancements as to that count were stricken. The court imposed but stayed five years as to each count 3 and 4, and struck the firearm enhancements as to those counts. As to count 5, the court imposed the middle term of one year eight months plus one-third the enhancement alleged pursuant to section 12022.53, subdivision (b) of three years four months.

Defendant did not mention a motion to represent himself and spoke only one word during the 30 minute hearing. After the court pronounced sentence and informed defendant of his appeal rights, the court asked defendant if he had any questions about his appeal rights. Defendant had none.

A timely notice of appeal from the judgment was filed.

## DISCUSSION

Defendant contends: "The sentence must be reversed because appellant was denied his right to represent himself in violation of the Sixth Amendment and a denial of due process of law." (Boldface omitted.)

The Sixth Amendment of the United States Constitution gives a defendant the right to be represented by counsel and the right of self-representation. (*Faretta, supra*, 422 U.S. at pp. 819-

6

820.)  The Sixth Amendment right to self-representation may be asserted by any defendant competent to stand trial.  (*Godinez v. Moran* (1993) 509 U.S. 389, 399-400.)[4]

We construe defendant's arguments to be that the trial court abused its discretion by denying defendant's request to represent himself on multiple occasions, for taking too long to resolve the competence issue, and the trial court committed structural error by failing to sua sponte reinstate defendant's pro. per. status once he was found competent to proceed with resentencing.  Defendant contends that an abuse of discretion standard of review applies to the first two contentions, and the alleged structural error is reversible per se.

Defendant seems to contend the trial court abused its discretion in denying his right to self-representation because appointed counsel *testified* on June 29, 2021, that defendant was competent, aware of the issues he faced at resentencing, yet the trial the court delayed granting his request for self-representation.  Even if counsel's testimony were enough, appointed counsel did not testify but merely stated to the court that unlike their last meeting, defendant "seemed quite competent" that day.  Moreover, counsel made no objection to the court's suspension of criminal proceedings and indeed selected a court-approved expert.  Citing *People v. Horton* (1995) 11 Cal.4th 1068, 1108, defendant acknowledges that once doubt of

---

4       Defendant does not argue that the Sixth Amendment or state law allows a person to be sentenced while mentally incompetent.  "A person shall not be tried or adjudged to punishment . . . while that person is mentally incompetent." (§ 1367, subd. (a).)  Indeed, doing so would violate state law and federal due process guarantees.  (*People v. Ary* (2011) 51 Cal.4th 510, 513; see *Pate v. Robinson* (1966) 383 U.S. 375, 385.)

7

competency was declared and the criminal proceedings were suspended, the court lacked jurisdiction to rule upon a *Faretta* motion. The trial court was required to appoint counsel until the conclusion of the competency proceedings. (See *People v. Lightsey* (2012) 54 Cal.4th 668, 696, fn. 11, 697-698.) Failure to do so would have been a reversible miscarriage of justice under article VI, section 13 of our state Constitution. (*Lightsey*, at p. 702.)

The People observe defendant makes no claim the trial court's revocation of his pro. per. status was error. We agree defendant does not challenge the court's discretion to suspend proceedings and obtain a competency evaluation after the report of symptoms of mental illness. However, defendant does appear to claim that revocation of his pro per status was nevertheless an abuse of discretion because the competency determination was such a "slow, inconsistent, and confusing process [that it] effectively eclipsed his constitutional right to autonomy in directing his case." Defendant claims he repeatedly asked to represent himself during the 15 months between the court's suspension of proceedings to the determination of his competence, but the requests were denied without giving any reason.[5] Defendant also complains that when competence was reinstated the court failed to reinstate his pro. per. status on its own.

Defendant argues the revocation of the grant of an order granting pro. per. status is reviewed under an abuse of discretion

---

[5] In making these assertions, defendant fails to refer to the record. We found a single request after doubt was declared and have described the continuances and the reasons for them in the Background section. Defendant was present at about half the hearings. He thus exaggerates claims to have repeatedly requested self-representation during that time.

8

standard. As it is defendant who claims discretion was abused, it is his burden to demonstrate the alleged abuse, and he must do so by showing the court's exercise of discretion was irrational or arbitrary, and not "'grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue.'" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.) Moreover, it is always the complaining party's burden to demonstrate a miscarriage of justice suffered as a result of an abuse of discretion. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) A miscarriage of justice occurs when it appears that a result more favorable to the appealing party would have been reached in the absence of the alleged errors. (*People v. Watson* (1956) 46 Cal.2d 818, 836; see Cal. Const., art. VI, § 13.) We note counsel was thorough in his advocacy, resulting in defendant's aggregate prison term being reduced from 58 years to life in prison to 45 years to life. Defendant does not suggest he could have achieved a different outcome. As defendant has made no effort to demonstrate either an abuse of discretion or prejudice, we need not undertake any further discussion of defendant's arguments on this issue.

Defendant also appears to claim the trial court should have reinstated his pro. per. status without further request, and a failure to do so violated his Sixth Amendment under the United States Constitution. He argues this was structural error, reversible without regard to prejudice. Defendant adds he was unable to make such a request because he was forced to proceed with unwanted counsel and was thus not given the opportunity to renew his request at the resentencing hearing.

The People respond that defendant did in fact have an opportunity to renew his request for self-representation. On September 1, 2022, the court declared defendant competent to

9

proceed with resentencing. At that time, counsel told the court he intended to file additional documentation setting forth defendant's position and requested time to do so. Defendant said nothing at that hearing.[6] The September 22, 2022 sentencing hearing lasted about 30 minutes. Defendant appeared with counsel, and at no time did defendant renew his request to represent himself. Defendant demonstrated many times in hearings prior to June 2, 2021, that he had no compunction against interjecting his views in open court. Yet he did not do so at resentencing even when the court asked both counsel whether there was anything else they wished to say. Nor did defendant speak up after the trial court imposed a reduced sentence and then asked defendant whether he had any questions about his appeal rights.

We agree with the People that by his conduct defendant abandoned or withdrew any request to represent himself. A "*Faretta* right, once asserted, may be waived or abandoned." (*People v. Dunkle* (2005) 36 Cal.4th 861, 909, disapproved on another point in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) "A defendant may, by his or her conduct, indicate abandonment or withdrawal of a request for self-representation." (*People v. Weeks* (2008) 165 Cal.App.4th 882, 887.) For example, where a self-represented defendant acquiesces in the participation of stand-by counsel, he may not complain on appeal

---

[6]   Defendant incorrectly asserts that the trial court found him competent and sentenced him the next day. According to the record, the trial court sentenced defendant three weeks after finding him competent. We have examined the record de novo to determine whether defendant effectively requested the right to self-representation. (See *People v. Dent* (2003) 30 Cal.4th 213, 218.)

10

that he was denied his right to self-representation. (*People v. Dunkle, supra*, at p. 909, citing *McKaskle v. Wiggins* (1984) 465 U.S. 168.)

In *People v. Kenner* (1990) 223 Cal.App.3d 56, 62 (*Kenner*), as here, defendant "had ample opportunity to call the court's attention to the neglected *Faretta* motion, but did not." Also as in *Kenner*, defendant may have "had second thoughts about the wisdom of representing himself and abandoned the idea. [¶] Defendants who sincerely seek to represent themselves have a responsibility to speak up." (*Ibid.*) The *Kenner* court concluded that "it is reasonable to require the defendant who wants to take on the task of self-representation to remind the court of the pending motion. Therefore, we hold that on this record, where appellant had both time and opportunity to follow up on his request for a hearing on his *Faretta* motion, and failed to do so, he must be deemed to have abandoned or withdrawn that motion." (*Ibid.*; accord, *People v. Skaggs* (1996) 44 Cal.App.4th 1, 5-9.)

Defendant may have been influenced by counsel's extensive sentencing memorandum with mitigation evidence, advocating full resentencing due to ameliorative changes to the law. In agreeing full resentencing was warranted, the court was guided by the memorandum and evidence, particularly the evidence of defendant's troubled childhood and substance abuse, the support of his family, and his age (25 years) at the time of the offense. The court complimented counsel on his presentation and noted that although defendant was quite agitated in court with prior counsel, he had been exceptionally courteous and professional in his demeanor since McCurry's appointment.

Moreover, at sentencing the only *Faretta* motion before the court was defendant's pro. per. motion filed in January 2022

11

while proceedings were suspended.  There had been no ruling, and it was incumbent upon defendant to request such a ruling. (*People v. Skaggs, supra*, 44 Cal.App.4th at pp. 7-8.)  By failing to do so and never raising the issue again, defendant abandoned the motion.  (*Ibid*.)

Defendant contends that renewing the motion would have been futile, and thus his failure to do so did not constitute a waiver.  He argues the combination of denials and inordinate delays would make any further requests appear to be futile.  "It may be that where a defendant has been *repeatedly* rebuffed in his request to proceed in propria persona an inference of futility may be indulged to obviate the inference from his appearance with retained counsel that he intended to give up his right to proceed in propria persona." (*People v. Weeks, supra*, 165 Cal.App.4th at p. 889, italics added.)  Defendant fails to refer to the record in support of his argument of many requests and denials, which the record does not in fact support.  Defendant was *granted* pro. per. status in January 2007, and then *he asked* that counsel be appointed in April 2007.  His next request, on January 15, 2019, was denied when the trial court suspected he was "playing games."  His subsequent request was *granted* in May 2021.  This does not suggest that a renewed request upon being declared competent to proceed would have surely been denied.

Defendant next relies on *United States v. Arlt* (9th Cir. 1994) 41 F.3d 516, 523, where the court did not find a waiver when defendant appeared with counsel, because the defendant had previously "stated his request clearly and unequivocally and the judge has denied it in a[n] equally clear and unequivocal fashion."  Defendant also relies on *People v. Tena* (2007) 156 Cal.App.4th 598, 609-610, and quotes *People v. Butler* (2009) 47

12

Cal.4th 814, 825, footnote 3, to argue that "defendant was not required to renew his request after it was conclusively denied." Defendant's reliance on these cases is misplaced, as defendant's pro. per. status was not conclusively denied after an unequivocal request, or any request, but revoked as required due to doubts about his competence. (See *People v. Lightsey, supra*, 54 Cal.4th at pp. 696, fn. 11, 697-698.) Moreover, even though the trial court had conclusively denied one request in the past before granting another, defendant's silence after being found competent does not suggest futility, *particularly* after all the delays noted by defendant, but instead a decision to abandon the request. (See *Kenner, supra*, 223 Cal.App.3d at pp. 58-59, 62.)

We conclude that the trial court did not err or abuse its discretion, and no constitutional right was violated by the court's appointment of counsel for resentencing.

## DISPOSITION

The judgment is affirmed.

_____
CHAVEZ, J.

We concur:


_____
ASHMANN-GERST, Acting P. J.


_____
HOFFSTADT, J.

13